## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CRAIG T. GULLAKSEN, individually )<br>and on behalf of all others )<br>similarly situated, )<br>1019 Chapel Ford Drive )<br>Lancaster, PA 17601, )<br>)<br>LYNN D. JOHNSON, individually )<br>and on behalf of all others )<br>similarly situated, )<br>2108 Caroline Street )<br>Fredericksburg, VA 22401, )<br>)<br>and )<br>)<br>THOMAS M. DOLAN, individually )<br>and on behalf of all others )<br>similarly situated, )<br>3501 N Peary Street )<br>Arlington, VA 22207, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED AIR LINES, INC., and )<br>AIR LINE PILOTS ASSOCIATION )<br>INTERNATIONAL, )<br>)<br>      Defendants. ) | Case No. 13-CV-1235<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

For their complaint, plaintiffs (collectively "Plaintiffs") state:

### Jurisdiction and Venue

1.    Plaintiff Craig R. Gullaksen resides in Pennsylvania.

2.    Plaintiff Lynn D. Johnson resides in Virginia.

3.      Plaintiff Thomas M. Dolan resides in Virginia.

4.      Defendant United Air Lines, Inc. ("United") is a Delaware corporation that operates a commercial airline, and conducts business in the District of Columbia.

5.      Defendant Air Line Pilots Association International ("ALPA") is a labor union headquartered in the District of Columbia.

6.      The case arises under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.*

## Count 1 –

## United's Breach of the Joint Collective Bargaining Agreement

For their first and separate cause of action against United, Plaintiffs state:

7.      Plaintiffs re-allege the facts set forth in paragraphs 1 through 6 as if fully set forth herein.

8.      On October 1, 2010, United merged with Continental Airlines ("Continental").  United was the surviving entity, but the transaction was termed a "merger of equals"(the "merger").

9.      Plaintiffs and the members of the putative Class are commercial pilots who currently fly for United, and were employed by United prior to the merger (collectively "legacy United pilots").

10.     At the time of the merger, ALPA was the certified collective bargaining agent for the pilots of United and Continental, and had separate collective bargaining agreements which covered the pilots of each airline.

11.     After the merger, ALPA and United negotiated for a new collective bargaining agreement that would cover all the pilots of the merged airline.  ALPA did so through two committees it established; a committee of legacy United pilots, and a committee of former Continental pilots now employed by United ("legacy" or "former" Continental pilots).

12.     After a more than two year process, United and ALPA reached a joint collective bargaining agreement.  The Agreement was made effective January 1, 2013 after it was ratified by a majority vote of each pilot group (the "Joint Collective Bargaining Agreement" or "JCBA").

13.     Despite the merger of the airlines and an effective Joint Collective Bargaining Agreement, United issued "System Vacancy Bid 14-02" in January 2013 for 589 new pilot positions that were reserved exclusively for bidding to former Continental pilots.  These 589 new positions are career-advancing and lucrative.

14.     All legacy United pilots, including Plaintiffs and the members of the putative Class, are expressly excluded from bidding on any of the 589 positions created by Vacancy Bid 14-02.  Those jobs are all reserved to former Continental pilots, as if Continental was still an existing airline operating separately from United, and as if there was no merger or Joint Collective Bargaining Agreement.

15.     The discriminatory offering of pilot positions in Vacancy Bid 14-02 violates the Joint Collective Bargaining Agreement.

16.     The "Scope" section of the Joint Collective Bargaining Agreement

provides:

> "The Pilots and flight instructors on the Seniority List (the 'United
> Pilots,' 'United pilots,' 'Company Pilots,' or 'Company pilots') shall have
> the sole and exclusive right to perform, train and be trained to perform
> Company Flying and operate Company Aircraft ...."

*See* the excerpts from the JCBA attached as Exhibit 1, Section 1-B.

17.     The "Seniority" section of the Joint Collective Bargaining Agreement
provides that "seniority shall govern all pilots in the case of ... filling of vacancies
...." *See* Exhibit 1, Section 6-A.

18.     The "Incorporation" section of the Joint Collective Bargaining
Agreement states that the Agreement is the "sole and entire agreement between the
parties" and "shall cancel" all prior agreements between the company and the
union. *See* Exhibit 1, Section 25-B.

19.     In breach of these unambiguous provisions of the Joint Collective
Bargaining Agreement, United is not filling the 589 positions created by Vacancy
Bid 14-02 on the basis of pilot seniority.  It has reserved all of that Company flying
to former Continental pilots to the express exclusion of legacy United pilots.

20.     Plaintiffs and the members of the putative Class have been damaged
by United's breach as alleged, and these damages are continuing.

21.     Plaintiffs' breach of contract claim against United is a so-called
"minor dispute" under the Railway Labor Act that would ordinarily be subject to

arbitration before a panel of arbitrators known as the "System Board of Adjustment" (the "System Board").  The Court, however, has subject matter jurisdiction of the claim because Plaintiffs' administrative remedy is wholly futile.

22.     The System Board that would decide Plaintiffs' claim would consist of two arbitrators selected by United, two arbitrators selected by ALPA, and a fifth independent arbitrator.  It would be futile to arbitrate before such a panel, because ALPA, in breach of its duty of fair representation as alleged in Count 2, was in collusion with United in its breach of contract.  The four United and ALPA arbitrators would thus outvote the independent arbitrator in what would be a basically "rigged" arbitration.

23.     Further, one of the Plaintiffs, Craig Gullaksen, without ALPA representation, filed a Grievance regarding Vacancy Bid 14-02 against United. After United denied his Grievance, Gullaksen sought to appeal to the System Board, but the Board refused to accept or hear Gullaksen's appeal because it had not been submitted by ALPA.

24.     Gullaksen had requested ALPA to submit his appeal, but ALPA refused. Therefore, Gullaksen has exhausted his administrative remedy, and because of the collusion between United and ALPA, only a District Court can provide Plaintiffs and the members of the putative Class relief from United's breach of contract.

## **Count 2 – Breach of Duty of Fair Representation Against ALPA**

For their second and separate cause of action against ALPA, Plaintiffs state:

25.    Plaintiffs re-allege the facts set forth in paragraphs 1 through 24 as if fully set forth herein.

26.    ALPA is the largest pilot union in the world.  It represents nearly 51,000 pilots at 35 airlines in the United States and Canada.

27.    The pilots of each individual ALPA-represented airline do not have their own individual "local" unions as in some labor organizations.  Instead, ALPA is a unitary organization that represents all of its pilot members.

28.    At the local level of each ALPA-represented airline, ALPA has a governing body called the Master Executive Council (the "MEC").  The individual MECs are responsible for carrying out ALPA's business at that particular airline. The members of each individual airline MEC are elected by the pilots at that airline.

29.    Prior to the United/Continental merger, ALPA represented the pilots of both airlines through separate MECs elected by the pilots of each airline.

30.    After the United/Continental merger, ALPA continued to represent the pilots of the merged airline, but through its separate legacy United and Continental MECs, not a newly constituted MEC elected by the pilots of the combined airline.

31.    The new Joint Collective Bargaining Agreement, which was jointly negotiated by committees from the legacy United and Continental MECs, left

unresolved one major labor issue connected with the United/Continental merger –
the integration of the pilot seniority lists of each previously separate airline.

32.     Seniority is critically important to a pilot's career, and seniority
integration is typically a highly contentious issue in any airline merger.  The
process of resolving the issue often creates acrimony between the two pilot groups.

33.     In a so-called "ALPA-to-ALPA merger," as with the United/Continental
merger, the two MECs of the previously separate airlines are responsible for
integrating the seniority lists.  In an effort to help assuage the acrimony typically
created by that process, ALPA has a "Merger Policy" the MECs are to follow in
constructing a supposed "fair and equitable integrated seniority list."

34.     If the two MECs do not reach an agreement as to an integrated
seniority list, ALPA Merger Policy requires that the issue be submitted to binding
arbitration for resolution.  The legacy United and Continental MECs could not
agree on a seniority integration, and they submitted the dispute to arbitration.

35.     Like the negotiation of the Joint Collective Bargaining Agreement,
ALPA established a committee of legacy United pilots and a committee of former
Continental pilots to present evidence and argument at the seniority arbitration.
The two ALPA committees made widely divergent proposals to the arbitrators.  As
of the filing of Plaintiffs' Complaint, the arbitrators had not issued their decision.

36.     For its part, the ALPA legacy Continental seniority committee has
attempted to exploit the new positions created by Vacancy Bid 14-02 as part of its

proposal.  It used those new jobs, and the new Captain positions in particular, to bolster its arguments as to the legacy Continental pilots' supposedly superior "career expectations," a factor ALPA Merger Policy requires the arbitrators consider in making their decision.

37.    Thus, instead of protecting its legacy United pilot members from Vacancy Bid 14-02's blatant discrimination and clear breach of the Joint Collective Bargaining Agreement, ALPA, through its legacy Continental seniority committee, has piled on to the detriment of the legacy United pilots by exploiting the new jobs in the seniority arbitration.

38.    Further, ALPA, in a hostile and intimidating manner, refused to contest Vacancy Bid 14-02 pursuant to the grievance mechanism set forth in the Joint Collective Bargaining Agreement.  ALPA even interfered with Plaintiff Gullaksen's attempt to contest the Bid.

39.    On February 12, 2013, Plaintiff Gullaksen asked an ALPA officer at his home base, Local Executive Council Chairman Bob Fox, to file his Grievance relative to Vacancy Bid 14-02.  Chairman Fox refused, and attempted to intimidate Gullaksen into not filing the Grievance.

40.    The following day, February 13, 2013, Gullaksen asked an ALPA attorney, Bob Nichols, to file the Grievance.  Nichols refused, and responded in a hostile manner that ALPA "does not take orders from pilots."

41.    Abandoned by his union, Gullaksen filed the Grievance on his own.  It

was subsequently denied by United on March 13, 2013.  ALPA thereafter refused to take the next step in prosecuting the Grievance, which was an appeal to the System Board.

42.    ALPA owes a duty to fairly represent all of its members.  It breaches that duty when it acts in an arbitrary or discriminatory manner, or in bad faith.

43.    ALPA breached its duty to fairly represent the Plaintiffs and the members of the putative Class in the following respects:

      A.    Colluding with United, and thereby facilitating Vacancy Bid 14-02;

      B.    Concealing from Plaintiffs and the members of the putative Class, prior to their ratification of the Joint Collective Bargaining Agreement, that it would construe the Agreement in a manner that would defeat the plain meaning of its Scope, Seniority and Incorporation sections;

      C.    Failing to contest Vacancy Bid 14-02 and prosecute Gullaksen's Grievance; and

      D.    Allowing the legacy Continental ALPA committee to exploit the new jobs created by Vacancy Bid 14-02 as part of its seniority proposal.

44.    Vacancy Bid 14-02's reservation of Company flying to former Continental pilots, to the exclusion of the legacy United pilots, was a clear breach of

the Joint Collective Bargaining Agreement, and yet, ALPA acquiesced to, and in fact, facilitated in it in collusion with United to unfairly discriminate against all legacy United pilots.  These actions were wholly arbitrary, discriminatory on their face, and taken in bad faith in an effort to manipulate the upcoming seniority integration to the detriment of Plaintiffs and the Class, and in favor of the more junior former Continental pilots.

45.    ALPA's breaches of its duty to fairly represent Plaintiffs and the putative Class members have damaged them, and those damages continue.

### Class Allegations

46.    Plaintiffs bring their claims as individuals and as representatives of a Class pursuant to Fed.R.Civ.Proc. 23.  The case is maintainable as a class action under Fed.R.Civ.Proc. 23(b)(1), (2), and (3).

47.    The proposed Class would be defined as follows:

All persons currently employed as pilots by United Airlines who were employed by United Airlines as of its October 1, 2010 merger with Continental Airlines.

48.    The Class consists of approximately 5,300 individuals, all pilots.  It is so numerous that joinder of all members is impracticable, and the members of the Class reside throughout the country.

49.    The questions of law or fact raised in this case which are common to the Class predominate over the very limited questions that are individualized to the

Class members.  These predominate, common questions of fact and law include, but are not limited to:

A.  Whether Vacancy Bid 14-02 violates the terms of the Joint Collective Bargaining Agreement;

B.  Whether ALPA acted in an arbitrary manner in any of the following respects:

    i.  Colluding with United, and thereby facilitating Vacancy Bid 14-02;

    ii.  Concealing from Plaintiffs and the members of the putative Class, prior to their ratification of the Joint Collective Bargaining Agreement, that it would construe the Agreement in a manner that would defeat the plain meaning of its Scope, Seniority and Incorporation sections;

    iii.  Failing to contest Vacancy Bid 14-02 and prosecute Gullaksen's Grievance; and

    iv.  Allowing the legacy Continental ALPA committee to exploit the 589 new jobs created by Vacancy Bid 14-02 as part of its seniority proposal.

C.  Whether ALPA acted in a discriminatory manner in any of the following respects:

    i.  Colluding with United, and thereby facilitating Vacancy Bid 14-

02;

ii.    Concealing from Plaintiffs and the members of the putative

Class, prior to their ratification of the Joint Collective

Bargaining Agreement, that it would construe the Agreement in

a manner that would defeat the plain meaning of its Scope,

Seniority and Incorporation sections;

iii.   Failing to contest Vacancy Bid 14-02 and prosecute Gullaksen's

Grievance; and

iv.    Allowing the legacy Continental ALPA committee to exploit the

589 new jobs created by Vacancy Bid 14-02 as part of its

seniority proposal.

D.    Whether ALPA acted in bad faith in any of the following respects:

i.    Colluding with United, and thereby facilitating Vacancy Bid 14-

02;

ii.    Concealing from Plaintiffs and the putative members of the

Class, prior to their ratification of the Joint Collective

Bargaining Agreement, that it would construe the Agreement in

a manner that would defeat the plain meaning of its Scope,

Seniority and Incorporation sections;

iii.   Failing to contest Vacancy Bid 14-02 and prosecute Gullaksen's

Grievance; and

iv.    Allowing the legacy Continental ALPA committee to exploit the 589 new jobs created by Vacancy Bid 14-02 as part of its seniority proposal.

50.    Plaintiffs' claims are typical of the claims held by the Class.

51.    Plaintiffs will fairly and adequately protect the interests of the Class, as they have the same interest as the Class in prosecuting their claims.

52.    Plaintiffs have retained qualified and experienced labor litigation and class action counsel to represent them and the absent Class members.

## Prayer For Relief

Plaintiffs request the Court enter the following:

A.     An Order certifying the Class as described herein;

B.     An Order and Judgment declaring that Vacancy Bid 14-02 violates the terms of the Joint Collective Bargaining Agreement;

C.     A Judgment against United and ALPA jointly and severally for Plaintiffs' and the Class' actual damages shown at trial; and

D.     Such other relief as the Court deems proper.

Respectfully submitted,

WATSON & RENNER

/s/ Thomas Watson
Thomas Watson, DC Bar No. 180943
Curtis Renner, DC Bar No. 446187
Lauren Boucher, DC Bar No. 992068
1400 16th Street, NW, Suite 350
Washington, D.C. 20036
Phone: 202-737-6301
Fax: 202-737-7611

tw@w-r.com
crenner@w-r.com
lboucher@w-r.com

OF COUNSEL:

GREEN JACOBSON, P.C.

By: /s/ Allen P. Press
Allen P. Press    MO #39293
7733 Forsyth Blvd., Suite 700
Clayton, Missouri 63105
Phone: 314-862-6800
Fax: 314-862-1606

press@stlouislaw.com

Attorneys for Plaintiffs

-14-